UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ERVIN LEE MCFERRIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-274 |
| | § | |
| MICHELLE LASTRAPES, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

State inmate Ervin Lee McFerrin (TDCJ #01607758) has filed a complaint under 42 U.S.C. § 1983 claiming that the defendants provided him with Constitutionally deficient medical treatment. McFerrin has filed a motion requesting the appointment of counsel (Dkt. 22). That motion is denied for the reasons set forth briefly below.

There is no automatic constitutional right to appointment of counsel in civil rights cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Where a litigant proceeds in forma pauperis, the most a court can do is "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989) (holding that the statute governing in forma pauperis cases does not authorize "coercive appointments of counsel" for indigent litigants in civil cases). "An attorney should be appointed only if exceptional circumstances exist." *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). In making that determination, the Court considers the case's type and complexity, the litigant's ability to

investigate and present his claims, and the level of skill required to present the evidence. *Baranowski*, 486 F.3d at 126.

This case does not, as yet, present any exceptional circumstances necessitating the appointment of counsel. McFerrin has clearly articulated his claims; the Texas Attorney General has provided the Court and McFerrin with a *Martinez* report containing the pertinent medical records; and the legal and factual issues presented by the case are not extraordinarily complex. The court concludes that it is unnecessary to locate counsel for McFerrin at this time and will deny his motion for the appointment of counsel.

It is therefore **ORDERED** that the plaintiff's motion for appointment of counsel (Dkt. 22) is **DENIED** without prejudice to refiling.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Galveston, Texas, this 29th day of November, 2017.

_____
George C. Hanks Jr.
United States District Judge